159 So. 323

## SNOW v. SNOW.

### No. 33107.

Jan. 7, 1935.

Rehearing Denied Feb. 4, 1935.

Irion & Switzer, of Shreveport, for appellant.

Robert J. O'Neal, of Shreveport, for appellee.

BRUNOT, Justice.

This is a suit for a separation a mensa et thoro, for the custody of the two minor children, the issue of the marriage, and for alimony. From a judgment decreeing a separation from bed and board; awarding the plaintiff the custody of the two minor children, subject to the right of the defendant to visit them at any convenient time; and awarding the plaintiff alimony, at the rate

of $60 per month, payable semi-monthly, the first payment to be made July 14, 1934, the defendant appealed.

■ The petition alleges that plaintiff and defendant were married on December 9, 1920; that two children were born of the marriage, one eleven and one seven years of age; that plaintiff and defendant separated on August 20, 1933, and that plaintiff has not lived with defendant since; that defendant's cruel and ill treatment of plaintiff was of such a nature as to render their living together insupportable; and for that reason she is entitled to a separation from bed and board from the defendant.

One of the alleged acts of defendant's cruelty to the plaintiff was that he would not give her sufficient money for the immediate needs of herself and her children. She admits that she, her husband, and their children lived with the plaintiff's mother, and that defendant paid her mother their proportionate share of the bills for board and rent, but she alleges that the defendant would not give her more than $8 or $10 per month for clothing, laundry, and servant hire, and that he closed her charge account at certain named stores. She also charges the defendant with neglect of herself and their children, in that he frequently returned home as late as 10 or 11 o'clock at night; that he talked to various women over the telephone at night; that ladies were seen in his automobile in the daytime; that defendant did not properly look after the welfare of his children, especially when they were sick; and, after plaintiff's separation from defendant, the latter moved into a certain house in which wild parties were frequently held at night.

The defendant excepted to the petition as not disclosing a cause of action. The exception was heard and overruled, and the defendant filed an answer, and later a supplemental answer, to the suit, in which answers every fact alleged in the petition as a basis for the action is denied. The case was tried on the issues thus joined, with the result stated, supra.

We have read the testimony carefully, and we find, that every fact alleged in the petition, as a ground for a separation from bed and board, has been disproved to a reasonable certainty.

The testimony is conclusive of the following facts, viz., the defendant is an insurance agent. His field of operations extends from points in the state of Texas to Monroe, La. His policyholders are men and women. Several of the women policyholders have rung his residence telephone at night upon business relating to their policies and the premiums due thereon. The young lady who was several times seen in his automobile is the daughter of an intimate friend of the defendant, who resides some distance from the post office, on the route from the defendant's abode to the business portion of the city of Shreveport; that he frequently gave this young lady a ride from her home to the post office on his morning trips to town; that he always made provisions for the needs of his wife and children according to his means; that he did not go in the house to see one of his children who had scarlet fever because the house was quarantined, but that he called at a window of the house daily to inquire about the child; that he arrived home late at night because his business trips

207

to Texas and to Monroe were made by automobile and frequently it was late at night before he could complete the trips; that he was notified that his mother-in-law was about to abandon the premises she and his family occupied, and he secured a home and invited his wife to occupy it, but that she preferred to stay with her mother.

All of the testimony is along the same line. Much of it was taken under commission. In our opinion the testimony, as a whole, shows minor marital disagreements; some jealousy, that is not shown to be well founded; and some omissions on the part of defendant, which may or may not have resulted from the particular business in which he was engaged.

In our opinion, the plaintiff has failed to establish the facts necessary to support the judgment appealed from.

■ For the reasons stated, the judgment appealed from is avoided and reversed and the plaintiff's suit is dismissed. No mention of costs is made because the marital relation exists, and the husband is responsible therefor.